B. F. POWELL v. J. W. HEPTINSTALL.

*Deed—Recital—Fraud.*

1. The rule, that the recital in a deed, that the purchase money for the land conveyed has been received, is conclusive and can not be contradicted by parol evidence, has no application to cases of fraud.

2. Where plaintiff and defendant compromised certain disputed matters for a definite sum to be paid by plaintiff in land at a fixed price per acre; and plaintiff's brother and the defendant fixed up the papers, including the deed, in plaintiff's absence, who signed the deed when presented to him, the receipt of the purchase money being therein acknowledged; and afterwards plaintiff ascertained that his brother and defendant had fraudulently included in the deed land worth fifty dollars more than the compromised debt; *It was held,* that plaintiff was entitled to recover of the defendant the amount overpaid.

CIVIL ACTION, commenced before a Justice of the Peace and tried on appeal at January Special Term, 1878, of HAL-IFAX Superior Court, before *Schenck, J.*

The plaintiff demanded payment of a balance alleged to be due on the purchase of a tract of land, and for money overpaid in settlement of an action which was compromised between plaintiff and defendant, the facts relating to which are sufficiently stated in the opinion. Judgment for plaintiff. Appeal by defendant.

*Messrs T. N. Hill, J. B. Batchelor* and *Walter Clark,* for plaintiff.

*Mr. R. O. Burton, Jr.,* for defendant.

FAIRCLOTH, J. The plaintiff and defendant compromised certain matters in dispute for a definite sum, and it was agreed that plaintiff should pay the amount in land at five dollars per acre. The plaintiff's brother, J. M. Powell, and the defendant fixed up the papers, including the deed, and arranged the details of the matter in plaintiff's absence, who signed the deed as presented to him, in which deed the receipt of the purchase money by the bargainor was acknowledged. Afterwards it was ascertained by plaintiff that his brother and defendant had by agreement included in the deed, land worth fifty dollars more than the compromised

debt, discharged to the plaintiff. It was agreed by these parties to do this, and keep it a secret from the bargainor, and divide the fifty dollars between themselves, which was paid to J. M. Powell by the defendant. This discovery was made after J. M. Powell, and the defendant "fell out," and this case verifies the common saying that "when thieves fall out, honest men get their dues."

The defence is that the recital in the deed, that the purchase money for the land therein conveyed has been received, is conclusive, and can not be controverted or contradicted by parol evidence. This is a technical, and often an inequitable defence, as it is in this case; but it has no application to cases of fraud, and the evidence offered and received to show the real transaction was competent. Parol evidence is admissible in a case of mistake, accident or fraud to correct any written instrument executed thereby, and to show the truth of the transaction.

The plaintiff had his election to have the deed corrected in a Court of Equity, or to ratify it and sue for the purchase price in a Court of Law. He preferred the latter course, and as the jury have expressly found that J. M. Powell was not his agent to receive the money, he, the plaintiff, is entitled to recover. Let judgment be entered in this Court for the plaintiff.

No error.

PER CURIAM.                                Judgment affirmed.